# IN THE DISTRICT COURT OF CADDO COUNTY
## STATE OF OKLAHOMA

JOHN ROBERTS and MISTY ROBERTS, )
As husband and wife residing in the State )
of Oklahoma, )
                                                                       )
                                                                      )    Case No. CJ-2023-39
         Plaintiffs, )
                                                                      )
v. )
                                                                      )
CITATION OIL & GAS CORPORATION, )
A foreign for-profit business corporation, )
                                                                      )
         Defendant. )

State of Oklahoma
Caddo Co.
**FILED**
APR - 6 2023
At_____O'Clock_____M.
PATTI BARGER, Court Clerk
By_____Deputy

## PETITION

COMES NOW Plaintiffs John Roberts and Misty Roberts ("Plaintiffs"), as husband and wife, as the landowners of that certain land located in Caddo County, State of Oklahoma, and for their causes of action against Defendant, Citation Oil & Gas Corporation ("Citation" or "Defendant") allege and state as follows, to wit:

### PARTIES AND JURISDICTION

1. Plaintiffs John and Misty Roberts are individuals who own certain real property that is the subject of this action in Caddo County, State of Oklahoma.

2. Upon information and belief, Defendant Citation Oil & Gas Corporation is a privately owned foreign for-profit business corporation that is one of the largest oil and gas acquisition, development and production companies in the United States.[1] As part of its operations, Citation operated various oil and gas producing wells and saltwater disposal wells within the

---

[1] *See*, Citation's website main page at www.cogc.com.

1



vicinity of Plaintiff's property that has been polluted by the operations of Citation.

## VENUE

3. The real property which is the subject of this action lies within Section 4 of Township 5 North Range 9 West located in Caddo County, State of Oklahoma and consist of approximately forty (40) acres more or less ("Plaintiff's Property").

4. Venue is proper in this Court because all or a substantial part of the events giving rise to the claims alleged herein occurred in Caddo County, State of Oklahoma.

5. Furthermore, venue is proper in this Court pursuant to 12 O.S. § 132 as Plaintiffs' Property, is situated in Caddo County, State of Oklahoma.

## BACKGROUND

6. Plaintiffs are the fee simple owners of Plaintiffs' Property at all times relevant to the allegations contained within this Petition.

7. Upon best available information and belief, Defendant owned and/or operated those certain oil and gas producing wells ("Citation O&G Wells") and saltwater disposal wells ("Citation SWD Wells"), tanks, disposal facilities, flow lines and/or other oil and gas field related equipment on, adjacent to, or proximal to Plaintiffs' Property (collectively, "Citation Wells"). Defendant's Citation O&G Wells produce oil and gas and the Citation SWD Wells dispose of deleterious substances including but in no way limited to salt water, brine and/or other noxious and deleterious substances ("Toxic Substances"). The Citation SWD Wells include, but are certainly not limited, to East Cement Unit (Petree 1A) 2-1A Well API No. 35015364270003 ("ECU 2-1A Well").

8. Upon information and belief, during and subsequent to the operations of the various Citation Wells, Citation knew or should have known that the operations of the Citation Wells,

including the ECU 2-1A Well identified above, were causing the release of Toxic Substances within intervals that contained geological conditions which would allow communication between formations allowing the Toxic Substances to impact the surrounding intervals and ultimately leading to pollution of Plaintiffs private water well and water table restricting and prohibiting Plaintiffs' access to fresh water on Plaintiffs' Property.

9. Upon information and belief, with full knowledge and/or in disregard of the dangers of injecting these Toxic Substances through the Citation SWD Wells, including the ECU 2-1A Well identified above, during times when the mechanical integrity of the Citation SWD Wells were at issue, Citation injected hundreds of thousands of barrels of Toxic Substances into the Citation SWD Wells.

10. On or about April 7, 2021, Plaintiffs called the Oklahoma Corporation Commission ("OCC") to investigate their water well on Plaintiffs' Property. An OCC Field Inspector was dispatched to Plaintiffs' Property and performed a YSI meter test on the water well. Upon information and belief, the YSI meter provided a result of approximately 6,000 ppm.

11. Thereafter, various studies and investigations were performed on various Citation O&G Wells and Citation SWD Wells and the surrounding land adjacent to Plaintiffs' Property. These investigations and studies performed at the request of the OCC representatives continued throughout the years 2021 and 2022.

12. Thereafter, on or about October 28, 2022, the OCC's Pollution Abatement Manager made a determination that Citation was the responsible party and referred the matter to the OCC's Pollution Abatement Department.

13. Citation, by its own actions hereinabove described has caused and allowed those

3

Toxic Substances to flow over and into the surface, surface water, subsurface, and groundwater on or beneath Plaintiffs' Property.

14. The groundwater beneath Plaintiffs' Property is contaminated as a result of Defendant's acts and/or omissions, and the plume of groundwater contamination continues to be an instrument of further pollution, as it moves beneath Plaintiffs' Property. The contamination of the groundwater by Toxic Substances associated with the Defendant's disposal and producing operations has created a single, indivisible injury.

15. The Citation Wells as defined herein have also impacted the soil and have contaminated the same with Toxic Substances associated with Defendant's disposal and other operations and continue to be a source of contamination to the surface and subsurface soils and groundwater.

16. As a result of the Defendant's actions and/or omissions, soil on and/or under Plaintiffs' Property is contaminated commensurate with other properties in the community which denies the Plaintiffs the convenience, comfort, use and enjoyment of the unique character of Plaintiffs' Property.

17. The release of Toxic Substances associated with the Defendant's disposal and other operations flowing over and into the surface, surface water, subsurface, and groundwater on or beneath Plaintiffs' Property and surface and subsurface soils is ongoing and continuing as of the date of filing the instant Petition, thus causing new pollution and contamination on a daily basis.

## CAUSES OF ACTION

### Count 1: Negligent Injury to Property

18. Plaintiffs incorporate all allegations set forth above, as if fully set forth herein.

4

19. Citation failed to exercise due care in its operations, maintenance, and completions of each of its SWD Wells identified in hereinabove of Plaintiffs' Petition by disposing of volumes of Toxic Substances at and during times when Citation knew or should have known that the Toxic Substances were likely to (and did) contamination and impact the surrounding intervals and ultimately leading to the pollution of Plaintiffs' sub-surface water and soil.

20. Defendant violated 52 O.S. § 296, allowing salt water and other waste from oil operations to flow over the surface of land; therefore, Defendant's acts in causing the pollution constitutes Negligence *Per Se*.

21. Defendant's failure to comply with its duties identified above, including its violation of Oklahoma law, resulted in an unreasonable risk of injury and damage to Plaintiffs and /or Plaintiffs' Property.

22. Defendant's violation of Oklahoma law caused Plaintiffs' injuries and damages.

23. Plaintiffs' injuries and damages were the type intended to be prevented by 52 O.S. § 296.

24. Plaintiffs are members of the class intended to be protected by 52 O.S. § 296.

25. Defendant has failed to remediate Plaintiffs' Property.

26. Defendant's actions and omissions described above caused and allowed Toxic Substances to contaminate, impact and otherwise damage the surface, subsurface, surface water, groundwater, surface, and subsurface soils of Plaintiffs' Property, thereby diminishing the value and use of said property, for which Plaintiffs are entitled to recover damages.

27. As a result of Defendant's acts and omissions, Plaintiffs have incurred, and will incur in the future, economic loss and damages to Plaintiffs' Property including those damages

5

incurred in the remediation of Plaintiffs' Property and in investigating the nature, extent, and source of contamination and remediation.

28. Plaintiffs are entitled to damages including but not limited to the restoration of Plaintiffs' Property.

29. At all times relevant to the claims asserted in Plaintiffs' Petition, Defendant operated its Citation Wells in question, and Defendant knew or should have known that its acts and/or omissions were reckless and would likely cause serious injuries to the Plaintiffs' Property and public waters of Oklahoma.

30. Accordingly, the Plaintiffs are entitled to punitive damages as a result of Defendant's actions which were intentional and in willful disregard of Plaintiffs rights, Plaintiffs are entitled to the recovery of punitive damages in an amount sufficient to punish and deter such conduct.

31. As a result of damage to their real property, Plaintiffs are entitled to attorneys' fees.

### Count 2: Nuisance, Annoyance and Inconvenience

32. Plaintiffs incorporate all allegations set forth above, as if fully set forth herein.

33. Defendant's actions relating to the operations and maintenance of the Citation Wells as fully described above resulted in pollution of the soils and waters of the State of Oklahoma.

34. Pollution of the waters of the State of Oklahoma, including groundwater, violates the public policy of Oklahoma, pursuant to 82 Okla. Stat. § 1084.1, and said pollution is, pursuant to 27(a) O.S. §2-6-105(a), a public nuisance *per se*.

35. Plaintiffs have suffered a special and unique injury, different from the population at large, as a result of such public nuisance, arising from the impact to their soil, property, and as

otherwise set forth herein.

36. Defendant's acts and/or omissions hereinabove described unreasonably interfered with Plaintiffs' convenience, comfort, use and enjoyment of Plaintiffs' Property.

37. Defendant's acts and/or omissions hereinabove described resulted in a public and private nuisance. Defendant's nuisance caused inconvenience, annoyed and caused Plaintiffs' damages to Plaintiffs' Property.

38. Defendant's creation of a nuisance, maintenance of a nuisance and failure to abate the nuisance has greatly diminished the value of Plaintiffs' Property and Plaintiffs' ability to enjoy Plaintiffs' Property and caused damages thereto.

### Count 3: Trespass

39. Plaintiffs incorporate all allegations set forth above, as if fully set forth herein.

40. Defendant disposed of Toxic Substances within the Citation SWD Wells.

41. Defendant's acts and/or omissions in the disposal of Toxic Substances at volumes, rates, and pressures significant enough to cause Toxic Substances and other materials to enter upon and beneath the surface of Plaintiffs' Property without Plaintiffs' permission.

42. Defendant's actions and conduct occurred and continues to occur without permission, authority, or consent from Plaintiffs.

43. The substance injured and damages Plaintiffs' Property, including, but not limited to, the groundwater and soil.

### Count 4: Unjust Enrichment

44. Plaintiffs incorporate all allegations set forth above, as if fully set forth herein.

7

45. Defendant is required and under obligation to follow rules and laws concerning the operation of each of its Citation Wells identified herein to prevent pollution. Upon information and belief, Defendant has refused and failed to spend the necessary money to fulfill each of their individual obligations under those rules and laws governing the operation of the Citation Wells to prevent pollution.

46. Defendant is aware that its acts and/or omissions as described hereinabove have allowed Plaintiffs' Property to be contaminated.

47. Prior to and as of the date of filing this Petition, Defendant has taken no individual direct action to abate the pollution caused by the presence of Toxic Substances on Plaintiffs' Property, with the exception of plugging certain Citation Wells. No clean-up of the affected soil or groundwater has occurred.

48. By failing to take any action to prevent, abate and/or clean up the pollution prior to the filing of the Petition, Defendant intentionally has avoided expenditures associated with the investigation, sampling, monitoring, and/or remediation of such pollution, resulting in a financial benefit to Defendant to the detriment of Plaintiffs.

49. Furthermore, Defendant has been storing its pollution and other deleterious materials on and within Plaintiffs' Property without justly compensating Plaintiffs for such storage. Defendant has unjustly benefitted from the storage of Toxic Substances to the detriment of Plaintiffs.

50. Defendant has been unjustly enriched by having received storage of its pollutants and other deleterious contaminates on Plaintiffs' property without paying Plaintiffs for such storage of sub-surface Toxic Substances to Plaintiffs' detriment and to Defendant's enrichment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs John and Misty Roberts pray that the Court enter a judgment in their favor and against Defendant Citation Oil & Gas Corporation as follows:

1. Judgment against Defendant and awarding Plaintiffs damages in an amount exceeding $75,000.00 for the loss in value and, loss of use and enjoyment, of Plaintiffs' Property as a result of Defendant's actions and omissions;

2. Judgment ordering Defendant to abate the public and private nuisance created by Defendant, including but not limited to remediating the soil and groundwater of Plaintiffs' Property;

3. Judgment against Defendant awarding damages in an amount exceeding $75,000.00 for Plaintiffs' annoyance, inconvenience, and distress as a result of the nuisance created by Defendant;

4. Judgment for monetary damages in an amount exceeding $75,000.00 suffered by Plaintiffs including the diminished value to Plaintiffs' land, personal annoyance, inconvenience and distress, including and all costs and expenses that will be incurred by Plaintiffs as a direct and proximate result of the wrongful trespass of Defendant;

5. Judgment for monetary damages in an amount exceeding $75,000.00 on the basis that Defendant has been unjustly enriched by its actions and/or omissions to the detriment of Plaintiffs;

6. Judgment against Defendant and in favor of Plaintiffs for punitive damages in an amount exceeding $75,000.00;

7. Judgment against Defendant awarding Plaintiffs' their attorneys' fees, experts fees, costs, and expenses;

8. Judgment against Defendant for prejudgment and post judgment interest; and

9. Any and all other just and appropriate relief.

Respectfully Submitted,

/s/ Justin T. Hiersche

Justin T. Hiersche, OBA #20724
J. Scott Henderson, OBA #20722
Miranda L. Harris, OBA 34340
**BLANEY TIPTON HIERSCHE & ODOM, PLLC**
1250 City Place
204 N. Robinson Avenue
P.O. Box 657
Oklahoma City, OK 73101-0657
Telephone: (405) 235-8445
Facsimile: (405) 236-3410
Email: justin@btlawokc.com
   aganote@btlawokc.com
   shenderson@btlawokc.com

*Attorneys for Plaintiffs John and Misty Roberts*

**ATTORNEY'S LIEN CLAIMED**

10