IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ROBERTS and MISTY ROBERTS, As husband and wife residing in the State of Oklahoma,<br><br>Plaintiffs,<br><br>v.<br><br>CITATION OIL & GAS CORPORATION, A foreign for-profit business corporation,<br><br>Defendants. | Case No. CIV-23-00413-J |

**DEFENDANT CITATION OIL & GAS CORPORATION'S
ANSWER TO PLAINTIFFS' PETITION**

Defendant Citation Oil & Gas Corporation ("Citation" or "Defendant"), for its Answer to the Petition ("Petition") of Plaintiffs John Roberts and Misty Roberts (collectively, the "Roberts" or "Plaintiffs"), alleges and states as follows:

**ANSWER TO PLAINTIFFS' AMENDED PETITION**

1. Citation denies each and every allegation set forth in Plaintiffs' Petition except as otherwise specifically admitted below.

2. With regard to the allegations contained in Paragraph 1 of the Petition, Citation admits that John and Misty Roberts are individuals who claim to own certain real property that is the subject of this action in Caddo County, State of Oklahoma.

3. With regard to the allegations contained in Paragraph 2 of the Petition, Citation admits that it is a privately owned for-profit oil and gas company, and it owns and operates oil and gas facilities within the vicinity of Plaintiffs' property. However, Citation

is without knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 2 of the Petition and, therefore, Citation denies same.

4. With regard to the allegations contained in Paragraph 3 of the Petition, upon information and belief, Citation believes that the properties in dispute lie in Caddo County, Oklahoma ("Section 4"), however, Paragraph 3 fails to identify the forty acres with specificity. Citation is without knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 3 of the Petition and, therefore, Citation denies same.

5. With regard to the allegations contained in Paragraphs 4 and 5 of the Petition, Citation does not dispute venue.

6. Citation is without knowledge and information sufficient to admit or deny the allegations contained in Paragraph 6 of the Petition and, therefore, Citation denies same.

7. With regard to the allegations contained in Paragraph 7 of the Petition, Citation admits that it owns and operates certain oil and gas facilities within the vicinity of Section 4. Based upon belief and knowledge, Citation denies that the well described as the ECU 2-1A Well in Paragraph 7 is a saltwater disposal well – it is an enhanced oil recovery well. Citation is without knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 7 of the Petition and, therefore, Citation denies same.

8. Citation denies the allegations contained in Paragraph 8 of the Petition.

9. Citation denies the allegations contained in Paragraph 9 of the Petition.

10. With regard to the allegations contained in Paragraph 10 of the Petition, Citation admits that an OCC Form 1085 reflects that, on or about April 7, 2021, the OCC investigated Plaintiffs' water well, and after three hours of pumping the well it showed approximately 6,000 ppm on a YSI meter.

11. With regard to the allegations contained in Paragraph 11 of the Petition, Citation admits that the OCC has requested an ongoing investigation related to the Plaintiffs' water well, including investigating Citation and other facilities and land surrounding Plaintiffs' Property.

12. Citation admits that there is an OCC Form 1085 which contains the language in Paragraph 12 of the Petition; however, Citation denies that the OCC has provided any explanation or basis for such statement or has otherwise provided Citation with any formal determination of responsibility; Citation understands that the OCC's investigation is ongoing.

13. Citation denies the allegations contained in Paragraphs 13 through 17 of the Petition.

14. With regard to the allegations contained in Paragraph 18 of the Petition, Citation adopts and incorporates by reference herein all of its responses and allegations contained in Paragraphs 1 through 13 above.

15. Citation denies the allegations contained in Paragraph 19 of the Petition.

16. Citation denies the allegations contained in Paragraphs 20 through 24 of the Petition. Paragraphs 20 through 24 also contain various legal conclusions to which no response is required.

17. Citation denies the allegations contained in Paragraph 25 through 31 of the Petition. Paragraphs 25 through also contain various legal conclusion to which no response is required.

18. With regard to the allegations contained in Paragraph 32 of the Petition, Citation adopts and incorporates by reference herein all of its responses and allegations contained in Paragraphs 1 through 17 above.

19. Citation denies the allegations contained in Paragraph 33 of the Petition.

20. The allegations contained in Paragraphs 34 through 35 are legal conclusions to which no response is required. To the extent a response is required, Citation denies same.

21. Citation denies the allegations contained in Paragraph 36 of the Petition.

22. The allegations contained in Paragraph 37 are legal opinions and conclusions to which no response is required. To the extent a response is required, Citation denies same.

23. Citation denies the allegations contained in Paragraph 38 of the Petition.

24. With regard to the allegations contained in Paragraph 39 of the Petition, Citation adopts and incorporates by reference herein all of its responses and allegations contained in Paragraphs 1 through 23 above.

25. With regard to the allegations contained in Paragraphs 40 and 41 of the Petition, Citation admits that it has lawfully disposed of saltwater in its SWD wells. Citation denies the remaining allegations.

26. Citation denies the allegations contained in Paragraph 42 of the Petition.

27. To the extent they relate to Citation, Citation denies the allegations contained in Paragraph 43 of the Petition.

28.     With regard to the allegations contained in Paragraph 44 of the Petition, Citation adopts and incorporates by reference herein all of its responses and allegations contained in Paragraphs 1 through 27 above.

29.     With regard to the allegations contained in Paragraph 45 of the Petition, Citation admits that it is required to follow the applicable law. Citation denies the remaining allegations.

30.     Citation denies the allegations contained in Paragraphs 46 through 50 of the Petition.

## ADDITIONAL/AFFIRMATIVE DEFENSES

For its affirmative and other defenses herein, raised without any admission as to which party bears the burden of proof, Citation re-alleges and incorporates by reference its responses to the allegations in all other paragraphs of the Petition and states as follows:

1.      Plaintiffs' claims fail to state a claim for which relief can be granted.

2.      Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver and/or estoppel.

3.      The actions, inactions and/or contributory negligence of Plaintiffs caused or contributed to any damages that Plaintiffs allege to have sustained.

4.      Plaintiffs have failed to mitigate the damages for which they seek recovery.

5.      Plaintiffs' trespass claims are barred because of Citation's ownership interests in the property.

6.      All or part of Plaintiff's claims in this action have been waived, forfeited and/or released.

7. Plaintiffs' claim for abatement cannot deprive Citation of its right to a jury trial/determination on the issue of nuisance/liability.

8. Plaintiffs have failed to exhaust administrative remedies with the Oklahoma Corporation Commission under Incident No. 18521OGDO30200 (filed April 7, 2021). The OCC maintains exclusive jurisdiction over the referenced well and Citations operations related thereto, including "spills of deleterious substances associated with … oil and gas extraction facilities and activities" and "site remediation." 52 O.S. §§ 139(A), (B)(1)(i) – (j), and (B)(2); *also* 17 O.S. §§ 52(A)(1)(i), (j) and (2).Plaintiffs are not entitled to any relief whatsoever, including without limitation, the relief sought in the prayer for relief contained in Plaintiffs' Petition.

9. Plaintiffs have improperly joined claims in one action.

10. The punitive damages sought by Plaintiffs are limited by constitutional due process, which requires that a person receive fair notice not only of the conduct that will subject it to punishment but also of the severity of the penalty that can be imposed.

11. Any award of punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and the due process clause of the Oklahoma Constitution, because, among other reasons:

   a. Citation is without effective and adequate procedural protections against arbitrary or erroneous awards of such damages;

   b. Citation is being denied the requirement of adequate notice of the type of conduct or elements of the offense that could warrant such an award or the amount of such damages that could be awarded;

  c. such an award does not bear a close relationship to appropriate civil fees or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature;

  d. any evidence of Citation's net worth would invite the jury to award an arbitrary amount of punitive damages based on Citation's status as an industrial enterprise; and/or

  e. Citation's conduct alleged to warrant punitive damages is unrelated to Plaintiffs' harm and, therefore, such damages are unlawfully intended to punish and deter Citation.

12. Any award of punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and the due process clause of the Oklahoma Constitution, because, among other reasons, the law governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to:

  a. each of the five reprehensibility factors set out in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 419 (2003);

  b. the constitution factors that govern the permissible ratio of punitive damages to compensatory damages, *see State Farm*, 538 U.S. at 425 ("few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process");

  c. the comparable civil fine that could be imposed on Citation for the conduct in question, *see State Farm*, 538 U.S. at 428; *B.M.W. of N. Am., Inc. v Gore*, 517 U.S. 559, 583 (1996) ("a reviewing court engaged in determining whether an award of punitive damages is excessive should accord substantial deference to legislative judgment concerning appropriate sanctions for the conduct at issue" (internal quotation marks omitted); *Clark v. Chrysler Corp.*, 436 F.3d 594, 607 (6th Cir. 2006) (finding punitive damages award excessive in light of comparable civil penalties);

  d. the direct relationship between Citations' specific injury suffered by Plaintiffs, *see Phillip Morris USA v. Williams*, 549 U.S. 346, 355

7

    (2007) ("the Due Process Clause requires States to provide assurance that juries are not asking the wrong question, i.e., seeking not simply to determine reprehensibility, but also to punish for harm caused strangers"); *State Farm*, 538 U.S. at 423 ("Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis"); and/or

  e. the exclusion of all items of compensatory damage from the quantum of punitive damages, *see State Farm*, 538 U.S. at 426 ("The compensatory damages for the injury suffered here . . . likely were based on a component which was duplicated in the punitive award").

Such specific jury instructions and specific findings of fact are necessary in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 436 (2001).

  13. Citation reserves the right to amend its Answer and/or assert additional affirmative defenses upon completion of discovery.

  WHEREFORE, having fully answered, Citation prays that judgment be entered in its favor as against the Plaintiffs' claims, that the Plaintiffs take nothing by way thereof, and that Citation be awarded such attorney fees and costs which may be recoverable by law, and such other and further relief to which it may be entitled.

Respectfully Submitted,

s/ *Timothy M. Sowecke*
L. MARK WALKER, OBA #10508
TIMOTHY M. SOWECKE, OBA #32512
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
mark.walker@crowedunlevy.com
tim.sowecke@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT
CITATION OIL & GAS CORPORATION**

## **CERTIFICATE OF SERVICE**

I certify that on May 15, 2023, a true and correct copy of Defendant Citation Oil & Gas Corporation's Answer to Plaintiffs' Petition was served upon the above-named plaintiffs by mailing said copies to the parties' attorneys of record:

> Justin T. Hiersche
> J. Scott Henderson
> Miranda L. Harris
> BLANEY TIPTON HIERCSHE & ODOM, PLLC
> 1250 City Place
> 204 North Robinson Avenue
> P.O. Box 657
> Oklahoma City, Oklahoma 73101

s/ <i>Timothy M. Sowecke</i>