**IN THE DISTRICT COURT IN AND FOR LATIMER COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| DANIEL FLENER, ) | |
| DANIELLE FLENER, ) | |
| Plaintiffs ) | |
| vs. ) | CJ-2021-29 |
| ) | |
| A&A TANK TRUCK CO. ) | |
| OMNI ENVIRONMENTAL ) | |
| SOLUTIONS, INC. dba OES, Inc.; and ) | |
| JOHN DOES 1-10000 AND JOHN DOES, ) | |
| INC 1-1000 ) | |
| Defendants. ) | |

*FILED IN MY OFFICE AT Wilburton, Latimer County, Okla. FEB 1 3 2023 MELINDA BRINLEE COURT CLERK by _____ Deputy*

**ORDER GRANTING DEFENDANT A&A TANK TRUCK CO. AND DEFENDANT OMNI ENVIROMENTAL SOLUTIONS, INC.'S MOTIONS TO STAY**

On this 10th day of February, 2023, the Court hereby grants the Motions to Stay filed by Defendant A&A Tank Trunk Co and Defendant Omni Environmental Solutions Inc.'s for the reasons more fully set out below.

The Court agrees with Defendants and with the Oklahoma Corporation Commission that the OCC has exclusive authority to determine pollution remediation. *See Union Texas Petroleum v. Jackson*, 1995 OK CIV APP 63, ¶ 17, 909 P.2d 131 ("[T]he Corporation Commission is granted the exclusive jurisdiction, power and authority and indeed the duty to make and enforce rules, regulations and orders governing and regulating the handling, hauling, storage and disposition of salt water, mineral brines, waste oil and other deleterious substances produced from or obtained or used in connection with the drilling, development, producing and processing of oil and gas.") As both Defendants noted, Plaintiffs' nuisance claim is squarely in front of the OCC and has been since July, 2020.

Furthermore, any abatement ruling by this Court risks conflicting with OCC's abatement ruling. As Judge Denton said in his ruling that, "the subject matter of A&A's Application falls

**EXHIBIT 3**

squarely within the exclusive jurisdiction of the OCC." Transcript of Court's Ruling had on the 22nd day of April, 2022 Before Administrative Law Judge Sean Denton, p. 8. Furthermore, "It is a well established principle of law that where an administrative agency is vested with the exclusive authority to determine a matter, the courts will not 'step in' and interfere with, or prevent, its making that determination, nor will they assume jurisdiction of the matter, until the complainant's administrative remedy has been exhausted." *Speaker v. Board of County Commissioners of Oklahoma County*, 1957 OK 100, 312 P.2d 438. *Also see Waste Connections, Inc. Okla Dep't of Ent'l Quality*, 2002 OK 94, ¶ 761 P.3d 219, 223. ("Where relief is available from an administrative agency, a plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts.")

Moreover, the abatement and remediation in this case affects more than just the parties to this action. Plaintiffs filed a complaint with the Oklahoma Corporation Commission on July 15, 2022. Since that time, the OCC has exercised jurisdiction and conducted an investigation. Saltwater disposal well contamination has not been limited to the Fleners. As the Corporation Commission noted, "But with multiple property owners in the area filing complaints with the Commission alleging saltwater disposal well contamination on their properties, clearly this is a public problem and is not limited to a single property owner." Transcript of Court's Ruling had on the 22nd day of April, 2022, p. 6-7.

Clearly, the jurisdiction of the OCC is limited. However, until the case in the OCC has concluded, the remaining issues outside the OCC's jurisdiction should be stayed pending the conclusion of that case.

WHEREFORE, this case is stayed pending the outcome of the OCC proceeding. Therefore, Defendant Omni's request for a hearing is denied as moot, as is Defendant Omni's Motion for Stay of Discovery.

It is so Ordered!

_____
Judge of the District Court

### Certificate of Mailing

I hereby certify that on the_____day of_____,20____ I mailed, postage prepaid, a true and correct copy of the above order to, or hand delivered to:

Court Clerk

By _____
(Deputy) Court Clerk

3