## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN ROBERTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-413-J |
| | ) | |
| CITATION OIL & GAS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Plaintiffs sue Defendant for contaminating their water and property and Defendant moves to stay the action pending the Oklahoma Corporation Commission's (OCC) resolution of Plaintiffs' complaint. [Doc. No. 7]. Plaintiffs object [Doc. No. 9]. For the reasons set forth below, the Court GRANTS the motion.

## I.    <u>Background</u>

In August 2021, Plaintiffs contacted the OCC about high levels of salt in their water well. An investigation ensued, and in October 2022, OCC Pollution Abatement Manager Shawn Coslett "determined [Defendant] as the responsible party" and recommended the complaint be referred to Pollution Abatement. [Doc. No. 7, Ex. 1 at 3][1]. In April 2023, Plaintiffs sued Defendant in state court, asking for monetary damages and equitable relief in the form of an order directing Defendant to "abate the public and private nuisance," including "remediating the soil and groundwater" on Plaintiffs' property. [Doc. No. 1, Ex. 2 at 9]. The matter was removed to this Court in May 2023.

---

[1] All citations refer to this Court's CM/ECF pagination.

## II.   <u>Defendant's Motion to Stay</u>

Defendant asks this Court to apply the doctrine of primary jurisdiction and stay the action until the OCC proceedings are concluded.

"Primary jurisdiction is a prudential doctrine designed to allocate authority between courts and administrative agencies." *S. Utah Wilderness All. v. Bureau of Land Mgmt.*, 425 F.3d 735, 750 (10th Cir. 2005). The doctrine arises when a party asks a court to resolve "an issue which, under a regulatory scheme, has been placed within the special competence of an administrative body." *Id.* (cleaned up). In sum, the doctrine allows a district court to stay the claims until the appropriate administrative agency has ruled on the matter. *See id.*

In assessing the application of this doctrine, the Court considers "whether the issues of fact in the case: (1) are not within the conventional experience of judges; (2) require the exercise of administrative discretion; or (3) require uniformity and consistency in the regulation of the business entrusted to the particular agency." *Crystal Clear Commc'ns, Ins. V. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1179 (10th Cir. 2005). "Additionally, when the regulatory agency has actions pending before it which may influence the instant litigation, invocation of the doctrine may be appropriate." *Id.*

After thorough consideration, the Court finds the doctrine of primary jurisdiction should be invoked here. Plaintiffs have unquestionably asked this Court to order Defendant to abate and remediate the pollution. These are matters within the expertise of the OCC,[2] and not this Court,

---

[2] The Court finds no persuasive value in Plaintiffs' argument that the OCC lacks jurisdiction. Plaintiffs initiated the OCC's investigation, and the Court finds no indication that Plaintiffs have challenged the OCC's jurisdiction in that forum. Moreover, Oklahoma has vested the OCC with the "exclusive jurisdiction, power and authority, . . . to make and enforce such rules and orders governing and regulating the handling, storage and disposition of saltwater, mineral brines, waste oil and other deleterious substances produced from or obtained or used in connection with the drilling, development, producing, and operating of oil and gas wells and brine wells within this

and the OCC's process is ongoing.  Any order this Court might fashion would likely create conflict and confusion.

**III.**    **Conclusion**

For the reasons discussed above, the Court GRANTS the motion to stay and STAYS and ADMINISTRATIVELY CLOSES this action for 180 days or until February 20, 2024.  After 180 days, the Court will reassess the stay.[3]  To that end, the parties shall file a joint status report no later than February 1, 2024, detailing the status of the OCC proceedings and addressing whether the stay should be extended or lifted.  The parties are encouraged to work towards resolution during the stay.

IT IS SO ORDERED this 24th day of August, 2023.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

state . . . for the purpose of preventing the pollution of the surface and subsurface waters in the state, and to otherwise carry out the purpose of this act."  Okla. Stat. tit. 52, § 139(A).  This includes the power to order "remediation."  *Id.* § 139(B)(2).

[3] Should the OCC's proceedings conclude before February 20, 2024, the Court will entertain a motion to lift the stay.